THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Francis A.
 Salerno, Appellant,
 
 
 

v.

 
 
 
 Nell Inman,
 Personally, as Personal Representative of the Estate of Harry W. Wilbur and
 as Trustee, and Fonza Alberta Wiggins, Respondents.
 
 
 

Appeal From Berkeley County
 R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-423
 Submitted August 15, 2011  Filed
September 20, 2011

AFFIRMED

 
 
 
 P. Brandt Shelbourne and Erin E. Hill, both
 of Summerville, for Appellant.
 George B. Bishop, Jr., of Moncks Corner,
 for Respondents.
 
 
 

PER CURIAM:  Francis
 Salerno appeals the circuit court's order that affirmed the probate court's
 grant of summary judgment in favor of Harry Wilbur's estate (Estate). Salerno
 argues the Estate failed to rebut the presumption of undue influence that arose
 out of the fiduciary relationship between Harry Wilbur and Fonza Alberta
 Wiggins created by Wilbur's power of attorney.  We affirm.[1]
Generally, a presumption
 exists that a will was executed without undue influence.  Hembree v. Estate
 of Hembree, 311 S.C. 192, 194, 428 S.E.2d 3, 4 (Ct. App. 1993).  Thus,
 a person contesting a will has the burden of proving undue influence in order
 to invalidate a will.  Id.  "Undue influence must be shown by
 unmistakable and convincing evidence . . . ."  Russell v. Wachovia
 Bank, N.A.,  353 S.C. 208, 217, 578 S.E.2d 329, 333 ( 2003).  "The
 evidence must show that the free will of the testator was taken over by someone
 acting on testator's behalf."  Id.   Undue influence is also
 demonstrated where the testator does not make decisions by his own judgment or
 volition, but rather under the direction of the influencer.  Id. 
 However, "[t]he mere existence of influence is not enough to void a will;"
 instead, the influence "must destroy free agency and amount to force and
 coercion."  Hembree, 311 S.C. at 196, 428 S.E.2d at 5.   
The existence of a fiduciary
 relationship creates a presumption of undue influence.  Hairston v. McMillan,
 387 S.C. 439, 447, 692 S.E.2d 549, 553 (Ct. App. 2010).   "A
 confidential or fiduciary relationship exists when one imposes a special
 confidence in another, so that the latter, in equity and good conscience, is
 bound to act in good faith and with due regard to the interest of the one
 imposing the confidence."  In re Estate of
 Anderson, 381 S.C. 568, 574, 674
 S.E.2d 176, 180 (Ct. App. 2009) (quotation marks and citations omitted).  A
 power of attorney also creates a fiduciary relationship.  Id.  Thus, if
 a fiduciary relationship exists, "the proponents of the will must offer
 rebuttal evidence" of the presumption of undue influence.  Hairston,
 387 S.C. at 447, 692 S.E.2d at 553.  However, the burden does not shift to the
 proponents of the will to "affirmatively disprove the existence of undue
 influence."  Id.  Instead, the burden of proof to invalidate the
 will remains with the contestants of the will.  Id.
We find the circuit court
 properly affirmed the probate court's decision granting summary judgment in
 favor of the Estate because no genuine issue of material fact existed
 concerning the undue influence claim.  See Rule 56(c), SCRCP (providing
 summary judgment is appropriate when "no
 genuine issue as to any material fact" exists and "the moving party
 is entitled to a judgment as a matter of law").  The Estate presented sufficient evidence to rebut the
 presumption of undue influence. Although a fiduciary relationship existed
 between Wilbur and Wiggins due to Wilbur's power of attorney, no evidence
 existed showing it was ever utilized.  See In re Estate of Anderson, 381 S.C. at 574, 674 S.E.2d at 180 (finding the Estate
 properly rebutted a presumption of undue influence despite the existence of a
 fiduciary relationship created by a power of attorney because no evidence
 existed showing that the power was ever utilized).   Here, Wiggins testified
 she did not know when Wilbur executed the power of attorney.  Wiggins also
 explained that Wilbur did not use the power of attorney when he transferred the
 title of a 2006 Kia Optima into her name.   Furthermore, no additional evidence
 was presented to indicate Wiggins ever utilized the power of attorney.
Moreover,
 no evidence existed indicating Wilbur did not have the opportunity to dispose
 of his property as he wanted.  Wiggins acknowledged she took Wilbur to his
 lawyer's office to revise his will in 2005, but she explained she did not
 participate in the revision of Wilbur's will.  Wiggins also explained she did
 not know where Wilbur got his money.  Additionally, Salerno stated he believed
 Wilbur was in good health and capable of getting around by himself before his
 death and Wilbur never contacted him concerning a need to get away from
 Wiggins.  Salerno also acknowledged the only information he had available
 concerning his undue influence claim is that his relationship with Wilbur
 declined after Wiggins began dating him.  He also admitted Wilbur had prepared
 a number of wills since the September 1998 will.  
AFFIRMED.
HUFF, PIEPER, and LOCKEMY,
 JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.